Vernon Hohl, Petitioner-Appellant,
v.
Columbia County Board of Adjustment, Respondent-Respondent.
No. 2005AP3086.
Court of Appeals of Wisconsin, District IV.
November 2, 2006.
Before Dykman, Vergeront and Deininger, JJ.
¶1 PER CURIAM.
Vernon Hohl petitioned for certiorari review of the Columbia County Board of Adjustment's decision affirming the Columbia County Planning and Zoning Committee's decision to deny him a permit to run a business out of his home. We affirm the circuit court's decision upholding the Board of Adjustment's determination.
¶2 Hohl lives on a 770 acre farm. He applied for a permit to operate a business storing and selling liquid propane gas under the County's zoning ordinance that allows certain businesses to be run from residential dwellings. The Columbia County Ordinances define a "home occupation" as:
Home Occupation. An occupation, profession or trade conducted on a regular basis within or from an approved residential dwelling and/or accessory buildings (if permitted) by one or more occupants residing in said dwelling that is clearly incidental and subordinate to the primary or principal use of the dwelling and property for residential uses.
Columbia County Ordinance § 16-1-23(39). A person applying for a "major home occupation" permit must show that his or her proposed use complies with Columbia County Ordinance § 16-1-13(g)(4), which provides in part:
(4) Criteria for Major Home Occupations....
....
(b) The use shall be clearly incidental and secondary to the use of the property for residential purposes ....
....
(d) There shall not be conducted on the premises the business of selling stocks of merchandise, supplies, or products other than those produced by the home occupation. That is the direct retail sale of products that are not produced on the premises is not allowed, but a person may pick up an order that had been placed.
The Planning and Zoning Committee for Columbia County denied Hohl's application for a permit, concluding that he had not met the applicable criteria. The Columbia County Board of Adjustment affirmed the decision denying the permit, and on judicial review, the circuit court upheld the Board's ruling.
¶3 We review the Board's decision, not that of the circuit court. Roberts v. Manitowoc County Bd. of Adjustment, 2006 WI App 169, ¶10, ___ Wis. 2d ___, 721 N.W.2d 499 (citation omitted). Our review on certiorari is limited to determining whether the Board of Adjustment stayed within its jurisdiction, whether it acted according to law, whether its actions were arbitrary, oppressive or unreasonable, and whether the Board might reasonably make the determination it did based on the evidence. State v. Outagamie County Bd. of Adjustment, 2001 WI 78, ¶26, 244 Wis. 2d 613, 628 N.W.2d 376. We will uphold the decision of the Board "unless it is unreasonable or without a rational basis." Id. (citation omitted).
¶4 We conclude that the Board acted reasonably in denying Hohl's application for a permit to operate a business on his property storing and selling liquid propane gas. The business is not clearly incidental or secondary to the use of the property for residential purposes. In order to operate his business, Hohl had placed several very large propane storage tanks on his property, which stored the bulk propane, and one or two dozen smaller residential storage tanks. Hohl also had several large trucks for picking up and delivering the gas. An operation this size is not incidental to the use of the property as a residence. In essence, Hohl is seeking permission to run a commercial operation, not simply a "major" home business. In addition, Hohl is making direct retail sales of a productgasnot produced on the premises. Because Hohl's business does not meet the criteria under the ordinance for several different reasons, the Board's decision was reasonable.
¶5 Hohl also argues that the ordinance is impermissibly vague. After reviewing the ordinance, we conclude the ordinance states with sufficient specificity when a permit may be issued. Even if we were to conclude that the ordinance is impermissibly vague, as Hohl urges, Hohl would not be entitled to the relief he seeksthe ability to maintain his business enterprisebecause we would then invalidate the ordinance and nobody, Hohl included, would be able to apply for a permit to operate a major home business.
By the Court.Order affirmed.